# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRANKLIN DIXON, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. CIV-13-349-RAW |
| XTO ENERGY, et al., | ) |
| Defendants. | ) |

## O R D E R

Before the court is the motion to remand by the plaintiffs. On July 3, 2013, plaintiffs (Oklahoma residents) commenced an action in the District Court of Carter County, Oklahoma. A first amended petition was filed on July 12, 2013. Plaintiffs assert claims of private nuisance, continuing negligence and continuing trespass against defendant XTO Energy, Inc. ("XTO" – a Delaware corporation with its principal place of business in the State of Texas), and seek damages allegedly resulting from XTO's natural gas operations. Plaintiffs further assert tort claims against four private individuals (Elvin Sweeten, Flora Sweeten, Barry Parsley and Stephen Cook – all Oklahoma residents) who have entered into leases or other agreements with XTO. Plaintiffs allege that the individual defendants "own and/or possess property" in Ardmore, Oklahoma and that each defendant has "entered into one or more agreements with XTO to permit XTO to engage in natural gas activities on [his or their] property" (First Amended Petition, ¶¶20-22.) Based on XTO's alleged activities on the individual defendants' properties, plaintiffs assert claims of private nuisance and negligence against the individual defendants. *(Id.* at ¶¶66-79.)

On August 7, 2013, XTO filed a notice of removal in this court. The asserted basis for federal jurisdiction is diversity of citizenship. Diversity jurisdiction exists when the amount-in-

controversy requirement is met (no evident dispute exists on that point in this case) and the parties are completely diverse. *See* 28 U.S.C. §1332(a). The removal documents acknowledge that the individual defendants are non-diverse but assert the doctrine of fraudulent joinder. "Fraudulent joinder need not involve actual fraud in the technical sense. Instead, it can occur when the plaintiff joins a 'resident defendant against whom no cause of action is stated' in order to prevent removal under a federal court's diversity jurisdiction. When this occurs, the district court disregards the fraudulently joined non-diverse party for removal purposes." *Brazell v. Waite,* 2013 WL 2398893 at *3 (10th Cir.2013)(citation omitted).

"In general, the removing party must show that the plaintiff has 'no cause of action' against the fraudulently joined defendant. The objective, however, is not to pre-try the merits of the plaintiff's claims. . . But neither is the court compelled to believe whatever the plaintiff says in his complaint. Rather, 'upon allegations of fraudulent joinder designed to prevent removal, federal courts may look beyond the pleadings to determine if the joinder, although fair on its face, is a sham or fraudulent device to prevent removal.'" *Id.* (citations omitted).

There is a presumption against removal jurisdiction. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.1995). Removal statutes are to be strictly construed and all doubts are to be resolved against removal. *Fajen v. Found. Reserve Ins.*, 683 F.2d 331, 333 (10th Cir.1982). The removing party bears the burden of establishing that the requirements for diversity jurisdiction have been met. *See Martin v. Franklin Capital Corp.,* 251 F.3d 1284, 1290 (10th Cir.2001).

"'The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff.'" *Dutcher v. Matheson*, 2013 WL 4212362 at *5 (10th Cir.2013)(citation omitted). The court must decide whether there is a
2

reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant. A "reasonable basis" means just that: the claim need not be a sure thing, but it must have a basis in the alleged facts and the applicable law. *Nerad v. AstraZeneca,* 203 Fed.Appx. 911 (10th Cir.2006)(unpublished).

The determinative issue here is the liability of a lessor for actions of the lessee under Oklahoma law. "[W]hen an issue of fraudulent joinder of a nondiverse defendant is raised, the Court must determine whether a cause of action is stated against the nondiverse defendant *as provided by state law.*" *Wiley v. Safeway Stores, Inc.,* 400 F.Supp.653, 655 (N.D.Okla.1975)(citations omitted)(emphasis added). "As a general rule a landlord is not responsible for the torts of a tenant simply by virtue of the landlord status, as distinguished from a master-servant, principle-agent situation." *King v. Modern Music Co.,* 33 P.3d 947, 955 (Okla.Civ.App.2001). A limited exception exists when the nuisance existed at the time of the lease. *Hoyle v. Glenn E. Breeding Co.,* 555 P.2d 1278 (Okla.1976). No such allegation is made here. Plaintiffs cite *Moores v. Rumsey,* 36 P.2d 15 (Okla.1934), but in that case the actual dangerous condition was created by the landlord and allowed to exist, specifically leaving a barrel of poison in a field in which cattle were subsequently pastured. In other words, an actual negligent act on the lessor's part took place. The mere leasing of land for a lawful and proper purpose is not a negligent act. *See also Casey v. Pioneer Hi-Bred International, Inc.,* 2013 WL 1701873 (D.Haw.2013)(denying motion to remand on similar facts).

It is the order of the court that the motion of the plaintiffs to remand (#15) is hereby denied.

**ORDERED this 23rd day of OCTOBER, 2013.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

3